

Gaeta & Friedman, LLC
400 Columbus Avenue
Suite 180 E
Valhalla, NY 10595
TeL: 845.942.0900
Fax: 845.942.0400
Email: wfriedman@gaetafriedman.com

Anthony N. Gaeta, Esq. * ♦
William A. Friedman, Esq. * ♦
Prof. Robert A. Diab, Esq. ^
Mark H. Aronowitz, Esq.*°♦
Jenée K. Ciccarelli, Esq. °♦

♦Member of the New York Bar
*Member of the New Jersey Bar
^Special Counsel | °Of Counsel

April 16, 2025

**VIA ECF**

Hon. Carol Bagley Amon, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *United States of America v. Cortes Ripalda, et al.*; 21-cr-458 (CBA)

Dear Judge Amon:

  We represent Insight Securities, Inc. ("Insight"), which this Court added to the docket as an interested party on September 14, 2022 (ECF 76). We write to the Court to object to the Government's position taken in its letter regarding restitution (ECF 234) that Insight is not entitled to receive restitution from the defendant. The Government's position contains a blatant contradiction and rewards the defendant by reducing his liability with Insight's money – a gross injustice.

  In the Government's letter, it has recognized the amounts lost by the victims; however, with regard to victim no. 5, it has proposed to reduce their amount by $742,000 because they received that amount from Insight through litigation. In the case of victim no. 45, the Government proposes to reduce their amount by $525,000, also paid by Insight via litigation. Accordingly, on one hand the Government posits that Insight does not have a right to restitution under the MVRA, and on the other, the government recognizes that Insight's funds were used as an offset for the benefit of the defendant who has pleaded guilty to his various crimes. In other words, the defendant's illegal schemes made Insight into just as much of a victim as those whom the Government has deemed worthy of receiving restitution.

  This $1,267,000 offset came from Insight's funds, and it entails most of the amount that it is seeking to recoup through restitution. If in fact the money the victims obtained from Insight was unrelated to the defendant's criminal activities, why does the Government seek to reduce these victim's restitution claims? The inclusion of these offsets leads to the unavoidable conclusion that the total amount of damages that the victims incurred was $1,267,000 greater than the amount the Government is seeking, and Insight should therefore stand side by side with the other victims.

      Insight is seeking merely to be treated on parity with the other victims, and we respectfully request that the Court prevent this unjust enrichment at Insight's expense.

      I thank the Court for its time and attention to this matter.

                                   Respectfully submitted,

                                   *s/ William A. Friedman*

                                   WILLIAM A. FRIEDMAN

cc:      All counsel of record (via ECF)